**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-11-CR-285(3) LY** |
| | § | |
| **JUSTIN GAILEY** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to

28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges.  The Court conducted a hearing on July 30, 2013, and

heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking

to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On October 25, 2011, Justin Gailey was sentenced to time served, followed by two years of

supervised release, after pleading guilty to conspiracy to possess with intent to distribute less than

50 kilograms of marijuana, in violation of 21 U.S.C. § 846.  The Defendant commenced his

supervision on October 25, 2011.  By January 27, 2012, Gailey had already submitted a urine

specimen that tested positive for cocaine.  As a result of that violation, a hearing was held in

February 2012 before Magistrate Judge Dennis Green, who recommended that Gailey's supervision

be revoked and he be sentenced to 30 days of imprisonment and 18 months of supervised release.

Judge Yeakel accepted this recommendation, and the Defendant returned to supervised release in March 2012.

On March 27, 2012, the Defendant submitted a urine specimen that indicated an abnormal creatinine level, and then admitted to having used cocaine. The Court took no action at that time, and concurred in the Probation Office's recommendation that he be required to participate in more intensive substance abuse treatment. In September 2012, the Defendant's conditions were modified to require inpatient treatment after additional positive drug tests and several missed counseling sessions and drug test appointments. Gailey successfully completed a 90-day inpatient program, and through June 2013, continued to report regularly, be clean of drug use, participate in AA/NA, and reside at a sober home. However, on June 25, 2013, APD officers executing a search warrant at a residence in Austin (not that at which Gailey was to be residing) encountered Gailey (among others), and found evidence of marijuana distribution, along with over $23,000 in U.S. currency. Also present at the house was Gailey's co-defendant in this case, Brooks Bell. The Probation Office further learned that Gailey had been questioned by APD officers in May 2013, related to an alleged assault or altercation outside a bar on East 6th Street. Although Gailey has not been charged with any offense in either case, he did not inform his Probation Officer of his encounters with law enforcement officers in either circumstance. He also did not have permission to associate with Brooks Bell, who has a felony conviction. Finally, when Probation Officers spoke to the sober house manager, they learned that Gailey had not been staying at the house after June 30, 2013.

The Probation Officer confronted Gailey about all of the above on July 9, 2013. At that meeting, Gailey admitted that he had used marijuana on July 7, 2013. The Probation Officer thus required Gailey to wear a sweat patch to monitor drug use. On July 17, 2013, Gailey reported to the

Probation Office, at which time the sweat patch was removed. It subsequently tested positive for cocaine and marijuana use. Because Gailey smelled of alcohol, he was asked whether he had been drinking, and denied that he had. A breathalyzer test was administered, which resulted in a .07 blood alcohol level. Gailey then stated that he had consumed a large glass of wine the night previous. Based on all of the above, on July 23, 2013, the Probation Office submitted its petition alleging that the Defendant violated his conditions by using controlled substances, failing to reside where directed, associating with a felon without permission, and failing to notify the Probation Office of contact with law enforcement officers. The undersigned authorized the issuance of a warrant that same date. The Defendant was arrested on that warrant on July 25, 2013.

On July 30, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition.

## II. FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.      The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.      The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by (1) using controlled substances; (2) failing to reside where directed; (3) associating with a felon without permission, and (4) failing to notify the Probation Office of contact with law enforcement officers.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category was a III, resulting in an (advisory) guideline range of 5 to 11 months of imprisonment. Having considered all of the above, and noting the Defendant's youth (he is 21 years old), the undersigned RECOMMENDS that the Defendant be sentenced to 5 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of July, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE